IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TARUN KUMAR VYAS,               )
      Plaintiff,               )        Civil Case No. 7:23-cv-00075
                      )
v.                              )
                      )        By: Elizabeth K. Dillon
STEPHEN R. SOFINSKI, *et al.*,  )            United States District Judge
      Defendants.              )

**MEMORANDUM OPINION**

Tarun Kuman Vyas, a Virginia inmate proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983, naming five defendants. Vyas's chief complaint focuses on various aspects of custody decisions regarding his children. He claims that he has been banned from accessing his children's medical and school records, that the child support amount he has been ordered to pay "was calculated illegally and unconstitutionally," that he has been denied unsupervised visits with his children, and that he has otherwise been denied contact with them (or been permitted very limited contact). He challenges both the proceedings in which those decisions were made and the actions of various persons involved in those proceedings.

The defendants are (1) Stephen R. Sofinski; (2) Derek Whetzhel; (3) Sheron Ashby; (4) the "Head of guardian ad litems, Virginia"; and (5) the "Head of Blue Ridge Legal Service." Sofinski apparently was the guardian ad litem for the children in the custody proceedings. Whetzhel was hired by Vyas to represent him in the proceedings. Whetzhel allegedly charged Vyas $30,000 and promised him that Vyas would obtain physical and legal custody and unsupervised visitation. Based on the context of the complaint, Ashby is employed by Blue Ridge Legal Services and appears to have represented the children's mother in the custody proceeding.

The case is before the court for review pursuant to 28 U.S.C. § 1915A(a).  For the reasons set forth herein, the court concludes that Vyas's complaint must be dismissed in its entirety.

## I.  BACKGROUND

Since the filing of his original complaint, and despite being warned that his case remained conditionally filed, Vyas has continued to file various motions, all of which remain pending.  Seven of these are either motions to amend or to "expand the record" (Dkt. Nos. 5, 6, 9, 12–14, 18), and the eighth is a motion asking that a subpoena duces tecum be issued for records from Child Protective Services.

A review of Vyas's complaint and his many other filings makes clear that this complaint is an attempt to challenge child custody decisions made by a Virginia state court.  In particular, he emphasizes the "integrity of the family unit," states that the integrity is constitutionally protected by the Due Process Clause of the Fourteenth Amendment and the Equal Protection Clause of the Fourteenth and Ninth Amendments, and contends that defendants have violated his rights under those amendments because their actions have resulted in such a significant intrusion on his relationship with his children that it effectively terminated the relationship.  (*See generally* Compl. 4, Dkt. No. 1.)  He also claims that defendants have violated his First Amendment right to associate with his children, and that defendants have engaged in "racial discrimination" in violation of the Fifth, Fourteenth and/or Eighth Amendment, as well as the "civil rights act."  (*Id.* at 13–15 (setting forth all of his legal claims).)  For example, he asserts that the reason he was denied all contact with his children was because he is of Indian descent.  He also asserts that defendants conspired to violate his constitutional rights and thus includes a claim of civil conspiracy, as well.  (*Id.* at 16–17.)  He accuses the final two defendants of "failing to intervene"

to stop the violation of his rights.

His complaint also challenges various aspects of the custody proceedings, and defendants' conduct during them.  First, Vyas accuses Ashby of failing to provide him an attorney for his divorce proceedings, although it is unclear why Ashby would have any obligation to do so.  He also faults her for bringing up Vyas's child pornography charges at the custody hearing, which were merely pending charges and not convictions.  Vyas further alleges that Sofinski yelled at Vyas while in court and that he and Ashby conspired to ensure that the judge would not give Vyas any custody rights.

He repeatedly references the fact that he was accused of putting pornography on his daughter's phones during a visit and that Ashby and Sofinski introduced that evidence at trial without sufficient advance warning to him.  He also claims that they improperly pointed to—and the court improperly relied upon—several statements in letters, old cards, or text messages from him to his daughters, in order to deny him his parental rights.  (*See, e.g.*, Compl. 26–32, 37–38.)

Vyas asks for various injunctive and declaratory relief, as well as nominal, compensatory, and punitive damages.  The injunctive relief includes requests such as forbidding all of the defendants from practicing law and taking away their law licenses, termination of Ashby's employment, and forbidding Sofinski from ever serving as a guardian ad litem.  The complaint also asks for specific modifications to the custody order.  For example, Vyas wants one 30-minute call per week with his children and another weekly 30-minute video call for his mother to see the children and ensure that they are healthy and safe.  He also asks for access to his children's medical and school records, and to "have a say" in his children's living arrangements and their religious beliefs.  (Compl. 33–36.)

## II.  DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).

As an initial matter, and assuming the court has jurisdiction, the court believes it is appropriate to decline to exercise jurisdiction over any claims that challenge the custody order, explicitly or implicitly.[1]  Vyas's complaint, although couched as a § 1983 action, is effectively

---

[1]  The question of whether the court has jurisdiction depends, in part, on whether the "domestic-relations exception" to jurisdiction applies where, as here, jurisdiction is premised on a federal question.  The answer is unclear in the Fourth Circuit.  The Fourth Circuit has stated, albeit arguably in dicta, that the domestic relations exception "is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction."  *United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997); *see also Johnson v. Byrd*, No. 1:16CV1052, 2016 WL 6839410, at *12 (M.D.N.C. Nov. 21, 2016) (making the case for why the statement was dicta).  The Fourth Circuit more recently cited to that same dicta from the *Johnson* decision, but that was in an unpublished, non-precedential decision.  *Reale v. Wake Cnty. Human Servs.*, 480 F. App'x 195 (4th Cir. 2012) (citing *Johnson*).  Accordingly, whether the exception has applicability in federal-question cases arguably remains an open question in this circuit.  *See Johnson*, 2016 WL 6839410, at *12–*13 (discussing subject at length).  Other circuits are split. *See Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2018) (concluding that the exception applies and precludes jurisdiction only in cases where jurisdiction is premised on diversity, but noting that the Seventh Circuit has held it applies to both federal-question and diversity suits) (citing *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018)).

challenging the state court's child custody determination and seeking injunctive relief in the form of a court order requiring that the custody arrangements be modified.  Federal courts frequently refrain from ruling in cases directly concerning domestic issues such as child custody, whether that is the result of application of the "domestic relations exception to federal jurisdiction," some type of abstention, [or] the *Rooker-Feldman* doctrine.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (concluding federal jurisdiction was appropriate over tort claims brought against parent with custody, and explaining that the "domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree"); *id.* at 705–06 (explaining that abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), "might be relevant in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody" if the case "presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar").

Assuming that the domestic relations doctrine is not strictly applicable in federal - question cases, and thus that the court technically has jurisdiction, the court finds it appropriate to abstain from exercising jurisdiction over claims seeking to modify the custody order.  *Doe v. Doe*, 660 F.2d 101, 105–06 (4th Cir. 1981) (reasoning that while jurisdiction arguably may exist because the case was brought under the federal habeas statute, "the district court clearly erred by exercising any jurisdiction it might have had" in what was essentially a child custody dispute).

Although couched as constitutional violations, Vyas's claims are really objections to the custody orders resulting from his children's custody proceedings, and to the evidence introduced against him during those proceedings.  Relying on *Doe*, district courts within the Fourth Circuit have refused to address similar issues in other cases.  *E.g.*, *Roe v. Jenkins*, No. 1:20-CV-140,

2021 WL 1026524, at *3 (N.D.W. Va. Mar. 17, 2021) ("A court's determination of whether the Plaintiff or Defendant is entitled to child custody, care, and control is a custodial matter between private parties, a matter in which "the federal courts [do] not intervene." (quoting *Doe*, 660 F.2d at 106)).  *Accord Deem*, 941 F.3d at 621–22 (concluding that the "domestic relations *abstention* doctrine"—not the jurisdictional exception—applies in federal-question cases and the district court properly abstained from hearing the plaintiff's claims, which included a father's § 1983 claim that persons involved in the family court proceedings violated his First Amendment right to association with this children).  Consistent with this authority, the court concludes that it should abstain from deciding most, if not all, of Vyas's claims.

The court further concludes that it is barred from considering Vyas's claims pursuant to the *Rooker-Feldman* doctrine, despite Vyas's arguments in his complaint that attempt to preempt application of that doctrine.[2]  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that under the *Rooker-Feldman* doctrine, federal districts courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  Other courts, including the Fourth Circuit and district courts within it, have concluded that the *Rooker-Feldman* doctrine would bar a federal court's consideration of claims like Vyas's.  *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 291 (4th Cir. 2013) (holding that, because the plaintiff's "due process claim is a mere pretext for the real focus of the [c]omplaint, which challenges the validity of records and proceedings of the North Carolina courts that resulted in the termination

---

[2]  The doctrine is based on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

of the [plaintiff's] parental rights," the *Rooker-Feldman* doctrine bars consideration of that

claim); *Johnson v. Byrd*, No. 1:16CV1052, 2016 WL 6839410, at *7 (M.D.N.C. Nov. 21,

2016),  *aff'd,* 693 F. App'x 219 (4th Cir. 2017); *Davis v. Singer*, No. 4:13cv7, 2014 WL

12598862 (E.D. Va. Aug. 5, 2014) (concluding that the *Rooker-Feldman* doctrine precluded

consideration of plaintiff's civil rights complaint, which effectively challenged the termination of

his parental rights and explaining that "a plaintiff may not seek a reversal of a state court

judgment simply by recasting his complaint in the form a civil rights action pursuant to 42

U.S.C. § 1983") (quotation and citation omitted); *Powell v. Williams*, No. 5:14-CV-282, 2014

WL 3809964, at *3 (E.D.N.C. July 14, 2014) (holding that, "to the extent such [child custody or

child support] matters have been determined by the state court, this court is . . . barred by

the *Rooker–Feldman* doctrine from reviewing the state court's decisions").

Vyas seeks to challenge the terms of custody over his children, the limitations placed on

his visits and contact with them, and his access to their records.  Thus, he is effectively seeking a

re-determination of issues already determined by the state court, which the *Rooker-Feldman*

doctrine prohibits.

For all of the foregoing reasons, the court will abstain from exercising its jurisdiction

over any claims challenging the state court's custody order.  The *Rooker-Feldman* doctrine also

would bar consideration of Vyas's claims.

**B.**     **Failure to State A Claim**

To the extent any of Vyas's claims are not barred as discussed above, Vyas's claims

against all of the defendants also fail because none of the named defendants acted under color of

state law, as required to state a § 1983 claim.  *See Loftus*, 848 F.3d at 284–85.  As for

Whetzel—a private attorney that Vyas hired to represent him—and Ashby, who apparently

represented Vyas's wife in the custody proceedings, they engaged in private conduct.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

Many courts have held that private attorneys, whether retained or appointed by the court and in both criminal and civil cases, do not act under color of state law when performing traditional functions as counsel.  *See Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) (explaining that "[p]rivate lawyers do not act 'under of color of state law' merely by making use of the state's court system"); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); *Lester v. Broadwell, Gillespie Nimmo, P.C.*, No. 23-cv-00060, 2023 WL 2589678, at *2 (W.D. Va. Mar. 21, 2023) (dismissing claims against attorneys involved in custody proceedings).

Courts have held the same as to guardians ad litem.  *E.g.*, *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (concluding that "a guardian ad litem is not acting under color of state law for purposes of § 1983"); *Lester*, 2023 WL 2589678, at *2 (dismissing claim against guardian ad litem because the individual did not act under color of state law); *Serdah v. Edwards*, No. 7:11-cv-00023, 2011 WL 3849703, at *2 (W.D. Va. Aug. 30, 2011) (same and collecting authority).  Based on this authority, then, Sofinski did not act under color of state law, either.  Thus, Vyas has failed to state a federal claim against either lawyer and against Sofinski as guardian ad litem.

With regard to the remaining two defendants, Vyas has not named any particular individual that holds the positions he has identified.  Regardless, if neither Ashby or Sofinski can be held liable under § 1983, then neither Blue Ridge Legal Services (Ashby's employer) nor the

"head of guardian ad litems" (alleged to supervise Sofinski in some manner) acted under color of state law in "failing to intervene."   All of Vyas's § 1983 claims also are subject to dismissal for failure to state a claim.

Lastly, the court will decline to exercise jurisdiction over any remaining state-law claims in the complaint.  *See* 28 U.S.C. § 1367(c)(3).

### III.  CONCLUSION

For the foregoing reasons, Vyas's complaint will be dismissed in its entirety.  An appropriate order will be entered.

Entered: May 19, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge